1  Leonard M. Shulman – Bar No. 126349
   Melissa R. Davis – Bar No. 245521
2  **SHULMAN HODGES & BASTIAN LLP**
   26632 Towne Centre Drive, Suite 300
3  Foothill Ranch, California 92610-2808
   Telephone:    (949) 340-3400
4  Facsimile:    (949) 340-3000
   E-mail:       lshulman@shbllp.com
5

6  General Counsel for the Official Committee of Unsecured Creditors
   of the bankruptcy estate of Ezri Namvar
7

8                     **UNITED STATES BANKRUPTCY COURT**
9         **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**
10

11 | In re                                    | Case No. 2:08-bk-32333-BR
12 | **NAMCO CAPITAL GROUP, INC., a**        | (Jointly administered with
   | **California corporation; and**         | Case No. 2:08-bk-32349-BR)
13 | **EZRI NAMVAR, an individual,**         |
   |                                          | Chapter 11
14 |        Debtors.                         |
   |                                          | Adv. Case No.
15 | Affects Ezri Namvar Only                |
   |                                          | **COMPLAINT FOR:**
16 | **OFFICIAL COMMITTEE OF**               |
   | **UNSECURED CREDITORS OF THE**          | **1. AVOIDANCE OF INTENTIONAL**
17 | **BANKRUPTCY ESTATE OF EZRI**           | **FRAUDULENT TRANSFERS;**
   | **NAMVAR; and TODD NIELSON, solely in** |
18 | **his capacity as the Chapter 11 trustee of** | **2. AVOIDANCE OF CONSTRUCTIVE**
   | **the bankruptcy estate of Ezri Namvar,** | **FRAUDULENT TRANSFERS; AND**
19 |                                          |
   |        Plaintiff,                       | **3. DISALLOWANCE OF CLAIMS**
20 |                                          |
   | v.                                       |
21 |                                          |
   | **DAVID HAGHNAZARZADEH, AKA**           |
22 | **DAVID ZADEH, an individual,**         |
   |                                          |
23 |        Defendant.                       |
24

25     The Official Committee of Unsecured Creditors ("Committee") for the bankruptcy estate

26 of Ezri Namvar ("Debtor") and Todd Nielson, solely in his capacity as the Chapter 11 trustee of

27 the bankruptcy estate of Ezri Namvar ("Trustee") (the Committee and the Trustee will be

28 collectively referred to herein as the "Plaintiff") respectfully allege as follows:

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

1

3985-000/11
G:\WP\CASES\M-N\NAMVAR, EZRI\ADV\HAGHNAZARZADEH\PLD\COMPLAINT-001.DOC

## STATE OF JURISDICTION AND VENUE

1.      This adversary proceeding is filed pursuant to Federal Rule of Bankruptcy Procedure 7001.  The Committee and the Trustee have standing to bring this action pursuant to 11 U.S.C. §§323, 502, 544, 548.

2.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division entitled *In re Ezri Namvar*, Case No. 2:08-bk-32349-BR on the docket of the Court.

3.      This adversary proceeding arises in and relates to the Debtor's bankruptcy case, which was commenced by the filing of the involuntary petition for relief under Chapter 11 of the Bankruptcy Code on December 22, 2008 ("Petition Date").

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1409, as this adversary proceeding arises under Title 11 or arises under or relates to a case under Title 11 which is pending in this District and does not involve a consumer debt less than $5,000.

5.      This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (b)(2)(F), (b)(2)(H) and (b)(2)(O) and to the extent any related claims are determined not to be a core proceeding, the Plaintiff consents to an entry of final judgment and orders by the Bankruptcy Court.

6.      To the extent that the Plaintiff asserts claims under 11 U.S.C. § 544, the Plaintiff is informed and believes and based thereon alleges that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or are not allowable under 11 U.S.C. § 502(e), who can avoid the respective transfers as set forth hereinafter under California or other applicable law.

## PARTIES

7.      Plaintiff consists of the Official Committee of Unsecured Creditors for the Debtor's Bankruptcy Estate appointed by the Office of the United States Trustee ("US Trustee") on February 13, 2009 and Todd Nielson, the interim Chapter 11 Trustee of the bankruptcy estate of Ezri Namvar appointed on or about February 27, 2009.

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

2

3985-000/11

G:\WP\CASES\M-N\NAMVAR, EZRI\ADV\HAGHNAZARZADEH\PLD\COMPLAINT-001.DOC

1    8.    Plaintiff is informed and believes and based thereon alleges that at all relevant

2  times herein, David Haghnazarzadeh, aka David Zadeh, an individual, ("Defendant") is and was

3  an individual residing in the County of Los Angeles, State of California.

4                        **GENERAL ALLEGATIONS**

5    9.    Plaintiff hereby incorporates by reference paragraphs 1 through 8, and realleges

6  these paragraphs as though set forth in full.

7    10.    On or about October 7, 2008, Defendant and Namco Capital Group, Inc.

8  ("Namco") entered into two promissory notes one for the amount of $1,646,189.99 and the other

9  for the amount of $1,000,000.00.

10    11.    At the time of the promissory notes, the Debtor was Namco's President, Chief

11  Financial Officer, sole director, and sole shareholder.

12    12.    Plaintiff is informed and believes and thereon alleges, at the time Namco entered

13  into the promissory notes, Namco was insolvent.  Plaintiff is further informed that Namco

14  continues to be insolvent.

15    13.    On or about October 7, 2008, Debtor executed two separate Guarantee

16  Agreements guaranteeing the obligations of Namco pursuant to the promissory notes discussed

17  above ("Guarantee Agreements").

18    14.    Plaintiff is informed and believes and thereon alleges, at the time the Debtor

19  entered into the Guarantee Agreements, Debtor was insolvent.  Plaintiff is further informed that

20  Debtor continues to be insolvent.

21    15.    Plaintiff is informed and believes and thereon alleges, Defendant received no

22  value for the Guarantee Agreements provided by the Debtor.

23    16.    On December 22, 2008, Iraj Farhadian, Abraham Assil, Marc Ashghian, Wall

24  Street Nevada, LLC, The Sunset Trust, and Satrap Family Trust dated 7/28/1998 (collectively the

25  "Petitioning Creditors") filed an involuntary petition under Chapter 11 of the Bankruptcy Code

26  against the Debtor.

27    17.    The Order for Relief under Chapter 11 was entered on January 29, 2009.

28  ///

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3

3985-000/11
G:\WP\CASES\M-N\NAMVAR, EZRI\ADV\HAGHNAZARZADEH\PLD\COMPLAINT-001.DOC

18.    On December 22, 2008, an involuntary petition under Chapter 11 of the Bankruptcy Code was also filed against Namco.

19.    By Order entered by this Court on February 9, 2009, the bankruptcy estates of the Debtor and Namco are now jointly administered.

20.    The Office of the United States Trustee appointed the Committee on February 13, 2009.

21.    On or about February 27, 2009, the US Trustee successfully moved the Bankruptcy Court for the appointment of a Chapter 11 trustee in the Debtor's case. The US Trustee has appointed Todd Nielsen as the Chapter 11 trustee.

22.    On April 16, 2009, Mr. Zadeh filed a general unsecured non-priority claim in this case in the amount of $ 3,534,263.58 ("Zadeh Claim") based on the promissory notes and Guarantee Agreements, which was docketed as Claim No. 17.

23.    Plaintiff specifically reserves the right to amend this Complaint to allege additional transfers which may become known after further investigation and discovery is conducted.

### FIRST CLAIM FOR RELIEF

[Avoidance of Intentional Fraudulent Transfers]

[11 U.S.C. §§ 544,548, Cal. Civ. Code §§ 3439.04, 3439.07]

24.    Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 23, inclusive, of the Complaint.

25.    On or around October 7, 2008, the Debtor incurred an obligation and thereby transferred a property interest ("Transfer") to Defendant when he executed the Guarantee Agreements.

26.    The Debtor executed the Guarantee Agreements within ninety days of the Petition Date.

27.    The Transfer was for no consideration or less than reasonably equivalent value.

///

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

4

3985-000/11
G:\WP\CASES\M-N\NAMVAR, EZRI\ADV\HAGHNAZARZADEH\PLD\COMPLAINT-001.DOC

28.     The Transfer was made at a time when the Debtor was insolvent, and/or was rendered insolvent by virtue of said Transfer.

29.     The Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior the Petition Date.

30.     Plaintiff is informed and believes and based thereon alleges that the Transfer was made either in anticipation of bankruptcy and/or to prevent the Debtor from paying his debts. They were made for the purpose of preventing a prospective bankruptcy trustee and/or creditors of the Debtors from obtaining the value of the Transfer.  Plaintiff is informed and believes and based thereon alleges that said Transfer was made with the actual intent to hinder, delay or defraud creditors, including Plaintiff.

31.     The Debtor's undertaking of the obligations of the Guarantee Agreements, and the property transfer to Defendant that thereby occurred, diminished the value of the Debtor's bankruptcy estate and/or rendered the Debtor insolvent.

32.     Based upon the foregoing, Plaintiff may avoid the Transfer pursuant to 11 U.S.C. §§ 544, 548, 550 and Cal. Civ. Code §§ 3439.04, 3439.07

## SECOND CLAIM FOR RELIEF

[Avoidance of Constructive Fraudulent Transfers]

[11 U.S.C.§§ 544,548, Cal. Civ. Code §§ 3439.05, 3439.07]

33.     Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 32, inclusive, of the Complaint.

34.     Plaintiff is informed and believes and based thereon alleges that there are present creditors of the Debtor listed at the time of the Transfer that still remain unpaid as of the Petition Date.

35.     Plaintiff is informed and believes and based thereon alleges that future creditors of the Debtor existed following the Transfer who remain unpaid as of the Petition Date.

///

///

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

3985-000/11

G:\WP\CASES\M-N\NAMVAR, EZRI\ADV\HAGHNAZARZADEH\PLD\COMPLAINT-001.DOC

36. Plaintiff is informed and believes and based thereon alleges that the Transfer was made on or within four (4) years of the Petition Date, but in no event longer than seven (7) years prior the Petition Date.

37. Plaintiff is informed and believes and based thereon alleges that Transfer was made:

    a. For less than reasonably equivalent value, or any value, in exchange for said Transfer;

    b. While the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor was unreasonably small in relation to the business or the transaction;

    c. While the Debtor intended to incur, or believed or reasonably should have believed the Debtor would incur, debts beyond the Debtor's ability to pay them as they became due; and/or

    d. By the time that the Debtor was insolvent and/or was rendered insolvent by virtue of the Transfer.

38. Based on the foregoing, Plaintiff may avoid the Transfer pursuant to 11 U.S.C. § 544, 548 and 550; and California Civil Code §§ 3439.05, 3439.07.

## THIRD CLAIM FOR RELIEF

[Disallowance of Claims]

[11 U.S.C. § 502(d)]

39. Plaintiff hereby repeats, repleads, and incorporates herein by reference as though fully set forth herein each and every allegation contained in paragraphs 1 through 38, inclusive, of the Complaint.

40. Plaintiff is informed and believes and based thereon alleges that Defendant received an avoidable Transfer under 11 U.S.C. §§ 544, 547, 548, 549 and Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, and Defendant is a party from which such Transfer is recoverable under 11 U.S.C. §550.

///

3985-000/11

G:\WP\CASES\M-N\NAMVAR, EZRI\ADV\HAGHNAZARZADEH\PLD\COMPLAINT-001.DOC

1    41.    Pursuant to 11 U.S.C. §502(d), the Zadeh Claim filed by Defendant should be

2  disallowed.

3    **WHEREFORE**, Plaintiff prays for Judgment against Defendant as follows:

4    1.    Setting aside the Guarantee Agreements as null, void and unenforceable pursuant to

5  11 U.S.C. §548(a)(1)(B);

6    2.    Setting aside the Guarantee Agreements as null, void and unenforceable pursuant to

7  California Civil Code Sections 3439.04(b) and 3439.05, made applicable to this proceeding by

8  11 U.S.C. §544(b);

9    3.    That the Zadeh Claim be disallowed;

10    4.    For costs of suit incurred herein, including attorneys' fees and costs as provided by

11  applicable case law, statute and/or agreement of the parties; and

12    5.    For such other and further relief as the Court may deem just and proper under the

13  circumstances of this case.

**SHULMAN HODGES & BASTIAN LLP**

Dated:  April 23, 2009

Leonard M. Shulman
Melissa R. Davis
Attorneys for the Official Committee of Unsecured
Creditors of the bankruptcy estate of Ezri Namvar

SHULMAN HODGES &
BASTIAN LLP
26632 Towne Centre Drive
Suite 300
Foothill Ranch, CA 92610

7

3985-000/11

G:\WP\CASES\M-N\NAMVAR, EZRI\ADV\HAGHNAZARZADEH\PLD\COMPLAINT-001.DOC

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Leonard M. Shulman - Bar No. 126349<br>Melissa R. Davis, Bar No. 245521<br>SHULMAN HODGES & BASTIAN LLP<br>26632 Towne Centre Drive, Suite 300<br>Foothill Ranch, CA 92610<br>T: 949-340-3400<br>F: 949-340-3000<br>Email: lshulman@shbllp.com<br><br>*Attorney for Plaintiff* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re:<br>NAMCO CAPITAL GROUP, INC., a California corporation; and EZRI NAMVAR, an individual,<br><br>Debtor. | CHAPTER  11<br><br>CASE NUMBER  2:08-bk-32333-BR<br><br>ADVERSARY NUMBER |
|---|---|
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF THE BANKRUPTCY ESTATE OF EZRI NAMVAR; and TODD NIELSON,   Plaintiff(s),<br><br>vs.<br><br>DAVID HAGHNAZARZADEH, AKA DAVID ZADEH, an individual,<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☒  **255 East Temple Street, Los Angeles** | | ☐  **411 West Fourth Street, Santa Ana** | |
| ☐  **21041 Burbank Boulevard, Woodland Hills** | | ☐  **1415 State Street, Santa Barbara** | |
| ☐  **3420 Twelfth Street, Riverside** | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**


By: _____
*Deputy Clerk*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                                  **F 7004-1**

Summons and Notice of Status Conference  - *Page 2*                    **F 7004-1**

| In re                                (SHORT TITLE) | CASE NO.: 2:08-bk-32333-BR |
|---|---|
| NAMCO CAPITAL GROUP, INC., a California corporation; and EZRI NAMVAR, an individual,                                              Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:


A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:


**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:


☐  Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.


☐  Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.


☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


| *Date* | *Type Name* | *Signature* |
|---|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                                                          **F 7004-1**

Summons and Notice of Status Conference - *Page 3*                    **F 7004-1**

| In re                                     (SHORT TITLE)<br>NAMCO CAPITAL GROUP, INC., a California corporation; and EZRI<br>NAMVAR, an individual,                            Debtor(s). | CASE NO.: 2:08-bk-32333-BR |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* (COA-SA)                                                                 **F 7004-1**

FORM B104  (08/07)                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Official Committee of Unsecured Creditors of the Bankruptcy Estate of Ezri Namvar; and Todd Nielson, Ch 11 Trustee | DEFENDANTS<br>David Haghnazarzadeh, aka David Zadeh |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Shulman Hodges & Bastian LLP<br>26632 Towne Centre Dr., Suite 300, Foothill Ranch, CA 92610<br>T: 949-340-3400; F: 949-340-3000 | ATTORNEYS (If Known)<br>Unknown |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☑ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Avoidance of Intentional Fraudulent Transfers, Avoidance of Constructive Fraudulent Transfers and Disallowance of Claims

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**

☐ 11-Recovery of money/property - §542 turnover of property

☒ 12-Recovery of money/property - §547 preference

☒ 13-Recovery of money/property - §548 fraudulent transfer

☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**

☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**

☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**

☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**

☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims

☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud

☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**

☐ 61-Dischargeability - §523(a)(5), domestic support

☐ 68-Dischargeability - §523(a)(6), willful and malicious injury

☐ 63-Dischargeability - §523(a)(8), student loan

☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)

☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**

☐ 71-Injunctive relief – imposition of stay

☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**

☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**

☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**

☐ 01-Determination of removed claim or cause

**Other**

☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.

☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

FORM B104 (08/07), page 2                                          2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR**<br><br>Namco Capital Group, Inc., Ezri Namvar, | | **BANKRUPTCY CASE NO.**<br><br>2:08-32333-BR |
| **DISTRICT IN WHICH CASE IS PENDING**<br><br>Central District of California | **DIVISIONAL OFFICE**<br><br>Los Angeles | **NAME OF JUDGE**<br><br>Barry Russell |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF**<br>N/A | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)**<br><br>*Melissa R.R. [signature]* | | |
| **DATE**<br><br>4/23/09 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)**<br>Melissa R. Davis | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.